**Henry Lee ROGERS et al.,
Appellants-Cross-Appellees,**

v.

**INTERNATIONAL PAPER COMPANY
et al., Appellees-Cross-Appellants.**

**Nos. 74–1086, 74–1087, 74–1101
and 74–1115.**

United States Court of Appeals,
Eighth Circuit.

Nov. 19, 1975.

Philip E. Kaplan, Little Rock, Ark., and Deborah M. Greenberg, New York City, for Rogers, and others.

Thompson Powers and James D. Hutchinson, Washington, D.C., for Int. Paper Co.

William L. Massey, Youngdahl & Larrison, Little Rock, Ark., for Paperworkers.

Eugene R. Warren, Little Rock, Ark., for Local 2033.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

On January 7, 1975, this court issued its memorandum opinion remanding the above-entitled cases to the district court for further proceedings consistent with the views expressed therein. In that memorandum opinion we specifically held that the trial court "should review I.P.'s administration of its policy of advancement of affected class members to their rightful place in light of I.P.'s military rightful place policy, with a view toward rendering whole these former discriminatees as expeditiously as possible and to the same extent that it now accords a rightful place to returning service men. Provisions of this relief should be made available to all affected class members regardless of whether they have declined transfer offers in the past. If these conditions are fully implemented, the need for a back pay award will be obviated." *Rogers v. International Paper Co.,* 510 F.2d 1340, 1356–1357 (8th Cir. 1975).

An appeal to the Supreme Court was filed by Rogers and other plaintiffs from the denial of back pay. On October 6, 1975, the Supreme Court entered the following order:

THIS CAUSE having been submitted on the petition for writ of certiorari and response thereto,

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, vacated with costs; and that this cause be, and the same is hereby, remanded to the United States Court of Appeals for the Eighth Circuit for further consideration in light of *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

Upon further consideration of the record and the intervening case of *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) this court now directs that upon retrial of this case the district court shall consider the issue of back pay, together with the other issues of the case, and make its determination as to whether back pay should be awarded under the guidelines set forth in *Albemarle Paper Co. v. Moody, id.* If, under those guidelines, back pay is determined to be properly awarded the district court shall determine the identity of those entitled to the back pay, the amount each is entitled to receive and the amount, or percentage of the total, each of the defendants shall be required to contribute to the award.

The memorandum opinion of this court dated January 7, 1975, as amended by the denial of rehearing en banc of February 14, 1975, shall in all other respects remain in full force and effect and the district court shall set these cases for rehearing within a reasonable time from the date of this order.